IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VERNON BESS,**         Plaintiff, | : :  : |
| v. | : :   CIVIL ACTION NO. 21-CV-4059 |
| **ALBERT EINSTEIN HOSPITAL,** *et al.*         Defendants. | : : : |

**MEMORANDUM**

**JONES, J.**                                                                                    **NOVEMBER    9, 2021**

Vernon Bess, a convicted prisoner currently incarcerated at SCI Phoenix, has initiated this *pro se* civil rights action by filing a "Motion for Reinstatement of Appellant Rights to File a Civil Action Nunc Pro Tunc," which this Court will construe as his Complaint filed pursuant to 42 U.S.C. § 1983.[1]  Bess seeks to proceed *in forma pauperis*.  For the following reasons, Bess will be granted leave to proceed *in forma pauperis*, and his Complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and in part for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS**

Bess's Complaint names Albert Einstein Hospital and John Does Nos. 1-7 as Defendants in this matter.  (ECF No. 1 at 1.)[2]  Sometime after October 2018, Bess avers that he was taken

---

[1] Bess asserts that he is seeking "reinstatement of [his] civil rights in a 1983 civil rights action." (ECF No. 1.)  Bess has not, however, previously asserted a civil rights action in this Court.  In light of Bess's *pro se* status and the Third Circuit's policy of considering motions based on their substance rather than their title, *see Garrett v. Wexford Health,* 938 F.3d 69, 81 n.17 (3d Cir. 2019) (citing *Lewis v. Att'y Gen.*, 878 F.2d 714, 722 n.20 (3d Cir. 1989) ("A pleading will be judged by its substance rather than according to its form or label.") (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1286 (1969)), *cert. denied,* 140 S. Ct. 1611 (2020), the Court concludes that this filing constitutes Bess's Complaint.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

from SCI Phoenix to "Einstein Medical Center" in Montgomery County for an "unknown" reason. (*Id.* at 2.) He was subsequently taken to Albert Einstein Hospital in Philadelphia because "the doctors said that they had 'Spoted [sic] something on [his] spine.'" (*Id.*) Bess states that the doctors at Albert Einstein Hospital operated on his spine, but he does not set forth the exact date the operation occurred. (*Id.*) Bess contends that following the operation, he was unconscious and in a coma, which lasted three weeks. (*Id.*) He asserts that he woke up in January 2019 and learned that he was paralyzed from the waist down. (*Id.*) In January 2019, Bess was taken back to SCI Phoenix where he was bed ridden and unable to walk for more than a year before being transferred to SCI Laurel Highlands for rehabilitation. (*Id.*) Bess avers that he returned to SCI Phoenix in February 2020 and although he was still "paralyzed," he "could walk with the use of a wheelchair, walker or cane." (*Id.*)

Bess asserts that he "came back with the use of about 40% and [he] need[s] help to move around 90% of the day." (*Id.* at 3.) Bess avers that because of the operation, he is seen by medical staff at SCI Phoenix just about every day. (*Id.*) He experiences "mental blackouts" and takes medication three times a day. (*Id.*) Bess contends that his mental capacity is "NOT THE SAME as it was before the operation" and at 72 years of age, he struggles to remember important issues in his life including birthdays and family names. (*Id.*)

## II.     STANDARD OF REVIEW

The Court grants Bess leave to proceed *in forma pauperis*.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

---

[3] However, because he is a prisoner, Bess must still pay the full amount of the filing fee in installments as required by the Prison Litigation Reform Act.

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Bess is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

Based on the allegations in his Complaint, the Court understands Bess to be bringing claims against Albert Einstein Hospital and John Does Nos. 1-7 in connection with an operation that he received at Albert Einstein Hospital sometime between October 2018 and January 2019. (*See* ECF No. 1.) It is apparent that he intends to pursue civil rights claims pursuant to § 1983. The Court will also liberally construe the Complaint as raising tort claims under state law. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) (explaining that when a Court is presented with a *pro se* complaint, the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.").

**A. Federal Claims**

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

4

Bess cannot maintain his federal constitutional claims against Albert Einstein Hospital or any of its unidentified employees because they are not state actors for purposes of § 1983.[4]  *See Howard v. Einstein Hosp.,* Civ. A. No. 20-1101, 2020 WL 4584035, at *4 (E.D. Pa. Aug. 10, 2020) (Robreno, J.) (section 1983 "claim against Einstein Medical Center would not be plausible because private hospitals and their employees are generally not 'state actors' subject to liability under § 1983") (citing *Carver v. Plyer*, 115 F. App'x 532, 537 (3d Cir. 2004)); *Chrupcala v. Chester Cty. Hosp.*, Civ. A. No. 00-6027, 2003 WL 21088476, at *5 (E.D. Pa. Jan. 29, 2003) (concluding that Defendants Chester County Hospital and its privately employed nurse were not state actors, and, therefore, could not face liability under 42 U.S.C. § 1983). Accordingly, Bess's section 1983 claims against Defendants Albert Einstein Hospital and its unidentified employees will be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[5]

---

[4] It appears from the context of Bess's Complaint that John Does Nos. 1-7 are likely hospital employees, but it is not entirely clear based on the lack of description of these individuals. Regardless, any claims against individuals must be supported by allegations of personal involvement.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).  Bess provides no allegations about what John Does Nos. 1-7 did to violate his constitutional rights.

[5] Although the exact date is not specified in the Complaint, it appears that Bess is asserting claims pursuant to 42 U.S.C. § 1983 for an operation occurring sometime between October 2018 and January 2019.  (ECF No. 1.)  The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach*, 589 F.3d at 634.  The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)).  Moreover, the limitations period begins to run when a plaintiff "knows or should have known of the injury upon which [his] action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).  Because the Court concludes that Bess's § 1983 claims fail on other grounds, the Court will not address the timeliness of the Complaint at this time.

### B. State Law Claims

Although he has specifically cited to § 1983, Bess may have intended to raise state claims, such as medical malpractice or negligence, against the Defendants.  Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business.  *See* U.S.C. § 1332(c)(1).  It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount

6

in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Bess does not allege the citizenship of the parties. Because Bess's allegations do not explicitly reveal the Defendants' citizenship for purposes of plausibly establishing diversity of citizenship, he has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3); *Smith v. Albert Einstein Med. Ctr.*, Civ. A. No. 08-5689, 2009 WL 1674715, *4 (E.D. Pa. June 11, 2009) ("Diversity jurisdiction requires complete diversity between the parties. . . . [N]o single Plaintiff may be a citizen of the same state as any single Defendant.") (citations omitted). It is also not clear that the amount in controversy is met here because Bess did not state the relief he seeks from the Court. Accordingly, any state law claims against the Defendants will be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Bess leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. Bess may file an amended complaint to attempt to cure the defects the Court has identified.[6] An appropriate Order follows containing additional information about amendment.

                                                        BY THE COURT:

                                                        /s/ Hon. C. Darnell Jones II

                                                        **C. DARNELL JONES, II, J.**

---

[6] Bess may also choose to assert any state law claims in an appropriate state court.