IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VERNON BESS,       : | |
|    Plaintiff,       : | |
|                    : | |
| v.                 : | CIVIL ACTION NO. 21-CV-4059 |
|                    : | |
| ALBERT EINSTEIN HOSPITAL, *et al.* : | |
|    Defendants.      : | |

**MEMORANDUM**

**JONES, J.**                                                                **MARCH 8, 2022**

Currently before the Court is an Amended Complaint ("AC") filed by Plaintiff Vernon Bess, a convicted prisoner currently incarcerated at SCI Phoenix. (*See* ECF No. 9.) For the following reasons, the Court will dismiss the AC in part with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and in part without prejudice for lack of subject matter jurisdiction.

**I.     FACTUAL ALLEGATIONS**

Bess's initial Complaint named Albert Einstein Hospital and John Does Nos. 1-7 as Defendants in this matter. (ECF No. 1 at 1.)[1] Bess alleged that sometime after October 2018, he was taken from SCI Phoenix to "Einstein Medical Center" for an "unknown" reason and was subsequently transferred to Albert Einstein Hospital because "doctors . . . [spotted] something on [his] spine.'" (*Id.* at 2.) Bess alleged that the doctors at Albert Einstein Hospital operated on his spine but failed to specify the exact date of the operation. (*Id.*) Bess contended that following the operation, he was in a coma that lasted three weeks, and when he woke up in January 2019, he was paralyzed from the waist down. (*Id.*) Bess was taken back to SCI Phoenix where he was

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

allegedly bed ridden and unable to walk for more than a year before being transferred to SCI Laurel Highlands for rehabilitation. (*Id.*) Bess returned to SCI Phoenix in February 2020 and although he was still "paralyzed," he "could walk with the use of a wheelchair, walker or cane." (*Id.*) Bess averred that because of the operation, he was seen by medical staff at SCI Phoenix just about every day, had to take medication three times a day, and experienced "mental blackouts." (*Id.* at 3.) Bess contended that his mental capacity was "NOT THE SAME as it was before the operation" and at 72 years of age, he struggled to remember important issues in his life including birthdays and family names. (*Id.*)

Based on the allegations in his initial Complaint, it was apparent to the Court that Bess intended to pursue civil rights claims pursuant to § 1983, and his Complaint was also construed as raising tort claims under state law. In a November 9, 2021, Memorandum and Order, the Court granted Bess leave to proceed *in forma pauperis* and dismissed his Complaint in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and in part for lack of subject matter jurisdiction. *Bess v. Albert Einstein Hosp.*, Civ. A. No. 21-4059, 2021 WL 5235284, at *1 (E.D. Pa. Nov. 9, 2021). First, the Court dismissed Bess's federal civil rights claims against Albert Einstein Hospital and its unidentified employees because they were not state actors subject to liability under § 1983. *Id.* at *3. Next, the Court concluded that to the extent Bess intended to raise state claims, it would not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over those claims. *Id.* Moreover, because Bess's allegations did not explicitly reveal the Defendants' citizenship for purposes of plausibly establishing diversity of citizenship, the Court determined that he had failed to meet his burden of demonstrating that there was subject matter jurisdiction over any state law tort claims. *Id.* at 4.

The Court's Order gave Bess thirty days to file an amended complaint to attempt to cure the defects identified. (ECF No. 8.) Bess was also instructed that any amended complaint was required to state a claim without reference to the initial Complaint or other documents filed in this case, and suggested he be mindful of the Court's reasons for dismissing his initial Complaint. (*Id.*)

Bess returned with his AC, which he completed by utilizing a standard complaint form for violation of civil rights. (ECF No. 9.) Bess again names Albert Einstein Hospital and several John Does as Defendants in this matter, making it clear that all the John Does named in the AC are employees of the hospital.[2] (*Id.* at 2-3, 5, 8.) Bess avers a deliberate indifference claim pursuant to § 1983, as well as state law claims of malpractice and negligence. (*Id.* at 3.) Bess again avers that he was taken from SCI Phoenix and operated on at Albert Einstein Hospital, which resulted in him being paralyzed from the waist down. (*Id.* at 4.) Bess further avers that because he was unconscious "during the entire experience," he lacks information about the events giving rise to his claims, but all he "knows is that doctors and medical staff performed the operation on him." (*Id.* at 5.)

Bess is seeking compensatory and punitive damages in the amount of five million dollars. (*Id.*) He avers that he "will never walk, run and will need the use of a wheelchair, walker or cane for the rest of his life. [He] suffers from, loss of memory, names of family members and other important dates and facts of life." (*Id.*)

---

[2] Bess specifically confirms in his AC that his "complaint was not against any of the medical staff [at SCI Phoenix] because, all the damage was done at Albert Einstein Hospital in Philadelphia, PA." (ECF No. 9 at 8.)

3

**II.     STANDARD OF REVIEW**

Since Bess is proceeding *in forma pauperis*, his AC is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Bess is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

#### A. Federal Claims

Bess avers a deliberate indifference claim pursuant to § 1983 against Albert Einstein Hospital and several John Does, making it clear that all the John Does named in the AC are hospital employees. (ECF No. 9 at 2-3, 5, 8.) The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).

As this Court has previously determined, Bess cannot maintain his federal constitutional claims against Albert Einstein Hospital or any of its employees because they are not state actors for purposes of § 1983. *See Howard v. Einstein Hosp.,* Civ. A. No. 20-1101, 2020 WL 4584035, at *4 (E.D. Pa. Aug. 10, 2020) (Robreno, J.) (section 1983 "claim against Einstein Medical Center would not be plausible because private hospitals and their employees are generally not 'state actors' subject to liability under § 1983") (citing *Carver v. Plyer*, 115 F. App'x 532, 537

(3d Cir. 2004)); *Chrupcala v. Chester Cty. Hosp.*, Civ. A. No. 00-6027, 2003 WL 21088476, at *5 (E.D. Pa. Jan. 29, 2003) (concluding that Defendants Chester County Hospital and its privately employed nurse were not state actors, and, therefore, could not face liability under 42 U.S.C. § 1983). Accordingly, Bess's § 1983 claims against Defendants Albert Einstein Hospital and its John Doe employees will be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### B. State Law Claims

Bess also asserts state law claims of medical malpractice and negligence against the Defendants. (ECF No. 9 at 3.) Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his

imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business. *See* U.S.C. § 1332(c)(1). It is the plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Bess does not allege the citizenship of the parties. Because Bess's allegations do not explicitly reveal the Defendants' citizenship for purposes of plausibly establishing diversity of citizenship, he has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3); *Smith v. Albert Einstein Med. Ctr.*, Civ. A. No. 08-5689, 2009 WL 1674715, *4 (E.D. Pa. June 11, 2009) ("Diversity jurisdiction requires complete diversity between the parties. . . . [N]o single Plaintiff may be a citizen of the same state as any single Defendant.") (citations omitted). Accordingly, any state law claims against the Defendants will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the AC. Bess's federal claims will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and his state law claims will be dismissed for lack of subject matter jurisdiction. Having reviewed the docket in its entirety, the Court concludes that further attempts at amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483

(3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").  However, the dismissal of Bess's state law claims is without prejudice to him refiling his state law claims in state court, where federal jurisdiction will not be an issue.  An appropriate Order follows.

                                               **BY THE COURT:**

                                               **/S/ Hon. C. Darnell Jones II**

                                               **C. DARNELL JONES, II, J.**